UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TARA SHANNA DODSON,

Plaintiff,

v.                                          CAUSE NO.: 3:18-CV-1031-JD-MGG

TIMOTHY G. MILLER, et al.,

Defendants.

OPINION AND ORDER

Tara Shanna Dodson, proceeding pro se, filed a complaint against Sheriff Timothy G. Miller, Prosecutor Courtney Alwine, and Judge David J. Grund and a motion for leave to proceed in forma pauperis. Dodson qualifies financially for in forma pauperis status, but the court will not grant the instant motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

In the complaint, Dodson alleges that, on July 24, 2018, she experienced an episode induced by post-traumatic stress disorder in the visiting area at the Miami Correctional Facility. She was arrested, and her firearm was confiscated. She was detained at the Miami County Jail, where the jail staff did not follow the medical instructions from her doctor. On August 7, Courtney Alwine, a prosecutor, filed criminal charges against her. On September 22, Dodson sent documents[1] to Timothy G.

---

[1] Specifically, Dodson states that she "sent recorded doc. #2018091047 to [Sheriff Miller] withdrawing any and all assumed or implied consent and a copy of the U.S. Department of Justice's Foreign Agent Registration FORM NSD-1 to be completed with seven (7) business days."

Miller, a sheriff, but he did not respond. On November 14, David J. Grund, a judge, issued a bench warrant against her. For her injuries, she seeks $2,100,000 in money damages, the return of her firearm, and expungement of her criminal records.

Dodson asserts claims against Prosecutor Alwine and Judge Grund. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Dodson cannot proceed on a claim for damages against Prosecutor Alwine or Judge Grund.[2]

Dodson also asserts claims against Sheriff Miller. Notably, plaintiffs must allege that a defendant was personally involved in the alleged constitutional deprivation to

---

[2] Based on the tenor of the complaint, the court anticipates that Dodson may argue that Judge Grund acted in the absence of jurisdiction. However, it appears that Judge Grund is the duly elected judge for the Miami Superior Court. *See* https://www.miamicountyin.gov/265/Superior-Court-I (last visited Jan. 4, 2019). Dodson is forewarned that the court will not entertain arguments based on sovereign citizenship theory. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ([Sovereign citizenship] theories should be rejected summarily, however they are presented.").

proceed on claims against that defendant. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Though Dodson also alleges that the defendants violated the Americans With Disabilities Act, the Civil Rights Act of 1964, and the Racketeer Influenced and Corrupt Organizations Act, it is unclear how Sheriff Miller violated any of these statutes by declining to respond to her correspondence. Therefore, Dodson cannot proceed on a claim for damages against Sheriff Miller because the complaint does not state a claim upon which relief can be granted.

Dodson also seeks the return of her firearm and the expungement of her criminal records. The complaint describes the confiscation of the firearm following Dodson's arrest at a correctional facility. However, it is unclear how this confiscation constitutes a violation of her federal rights. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest."). Likewise, it is unclear how the maintenance of records in her State criminal case constitutes a violation of her federal rights. As a result, without additional information, Dodson cannot obtain the relief she seeks from this court.

Though Dodson cannot proceed on this complaint, she may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). She may obtain copy of this court's approved form – Civil Complaint (INND Rev. 8/16) – on the court website at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. If she chooses to file an amended complaint, she must put the cause number of this case on it, which is on the first page of this order. She should name the individuals responsible for his claims as defendants (unless they are immune) and must describe her interactions

3

with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating her federal rights. To the extent she seeks relief with respect to the confiscation of her firearm and her State court records, she must provide an adequate explanation as to how they violate her federal rights.

For these reasons, the court:

(1) DENIES the motion for leave to proceed in forma pauperis (ECF 2);

(2) GRANTS Tara Shanna Dodson until February 8, 2019, to file an amended complaint; and

(3) CAUTIONS Tara Shanna Dodson that, if she does not respond by this deadline, the case will be dismissed without further notice.

SO ORDERED on January 7, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT