# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| TARA SHANNA DODSON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-1031-JD-MGG |
| TIMOTHY G. MILLER, et al., | |
| Defendants. | |

## OPINION AND ORDER

Tara Shanna Dodson, proceeding pro se, filed an amended complaint against Sheriff Timothy G. Miller, Prosecutor Courtney Alwine, and Judge David J. Grund and seeks leave to proceed in forma pauperis. Dodson qualifies financially for in forma pauperis status, but the court will not allow her to proceed with this case if the amended complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

In the amended complaint, Dodson alleges that, on July 24, 2018, Sheriff Miller arrested her at the Miami Correctional Facility for proclaiming her belief in God during a medical episode. Sheriff Miller confiscated her firearm and incarcerated her at the Miami County Jail without providing necessary medical attention. On August 7, 2018, Sheriff Miller conspired with Prosecutor Alwine to file criminal charges against Dodson. On September 23, 2018, she sent an objection to Prosecutor Alwine. On January 14, 2019, Dodson sent a copy of the electronic docket to Judge Grund for review and

dismissal of the case. For her claims, she seeks money damages, the return of her firearm, and expungement of her criminal records.

Dodson also cites a report of the July 24 incident prepared by correctional staff, which she has attached to the amended complaint. Because Dodson relies on its contents to support her claims, the court considers the report as part of the amended complaint. *See* Fed. R. Civ. P. 10(c); *Otis v. Demarasse*, 886 F.3d 639, 647 (7th Cir. 2018). According to the report, Dodson arrived at the facility at 10:00 p.m. and demanded that correctional staff release her brother from custody, stating that he was a "man of god and that god commands that we release him." Correctional staff asked her several times to leave the premises, but Dodson refused to do so unless her brother was released. They then called the Miami County Sheriff's Department and asked the department to remove Dodson from the premises. Sheriff Miller and his deputy arrived, asked her to leave, and she refused. In response, Sheriff Miller arrested her for criminal trespassing. A pat down search revealed a semi-automatic handgun with a fully loaded magazine and a second magazine in the waistband of her pants, which was given to the Miami County Sheriff's Department as evidence.

Dodson asserts that Sheriff Miller violated her constitutional rights by arresting her, confiscating her firearm, and putting her in jail. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest when the totality of the facts and circumstances within their knowledge at the

2

time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 2018 WL 3954158, at *7 (7th Cir. 2018). Under Indiana law, [a] person who not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent commits criminal trespass." Ind. Code. § 35-43-2-2(b)(2).

Because Dodson repeatedly refused to leave the Miami Correctional Facility, Sheriff Miller had probable cause to arrest and detain her. Her refusal to leave also justified the confiscation of her firearm. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest."). Dodson alleges that the arrest was motivated by her references to God and asserts that this violated her First Amendment rights. However, considering that, at the time of the arrest, Dodson was acting erratically at a prison outside of visiting hours with the apparent intent of securing her brother's release and had repeatedly refused to leave, this allegation is implausible. Dodson may not proceed against Sheriff Dodson for her arrest or the confiscation of her firearm.

Dodson further alleges that Sheriff Miller denied her proper medical care during her time at the Miami County Jail. Pretrial detainees are entitled to adequate medical care under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). However, Dodson does not describe her medical needs or how Sheriff Miller

was personally involved with her medical treatment. These allegations are too vague to support a Fourteenth Amendment medical claim against Sheriff Miller.

Dodson asserts claims against Prosecutor Alwine and Judge Grund. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Dodson states that, because Judge Grund has not dismissed her case, he has denied her procedural due process and, as a result, does not have jurisdiction over her criminal case. However, it simply does not follow that a judge's disagreement with a criminal defendant's argument would deprive that judge of jurisdiction over the case. Because the doctrines of prosecutorial and judicial immunity apply, Dodson cannot proceed on a claim for damages against Prosecutor Alwine or Judge Grund.

In the amended complaint, Dodson includes a motion under Fed. R. Civ. P. 60(b), seeking to void the orders of the Miami Superior Court. However, this rule cannot be

used to void an order from a State court. *See* Fed. R. Civ. P. 60(b) Notes of Advisory Committee on Rules - 1946 Amendment. As a result, this motion is denied.

For these reasons, the court:

(1) DISMISSES this case because the amended complaint does not state a claim upon which relief can be granted; and

(2) DIRECTS the clerk to close this case.

SO ORDERED on February 15, 2019

>        /s/ JON E. DEGUILIO
> JUDGE
> UNITED STATES DISTRICT COURT